```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**DAVID J. POWELL,**

       **Plaintiff,**

  **vs.**                                  **Civil Action 2:06-CV-979**
                                                **Magistrate Judge King**

**HONDA OF AMERICA MFG., INC,**

       **Defendant.**

## OPINION AND ORDER

This is an employment action in which plaintiff alleges that the termination of his employment was based on his disability and in retaliation for his having requested an accommodation and having pursued his rights under Ohio's Workers' Compensation statutes. The *Complaint*, as amended, Doc. Nos. 3, 18, asserts claims under the ADA, 42 U.S.C. §12101 *et seq.,* O.R.C. §4112.02, and O.R.C. §4123.90. The *Complaint* also asserts a breach of contract claim and a common law claim of discharge in violation of public policy.

Following the preliminary pretrial conference held in January 2007, the Court directed that all discovery be completed by October 24, 2007, and that motions for summary judgment be filed by January 15, 2008. *Preliminary Pretrial Order,* at p.2, Doc. No. 16. On October 22, 2007, plaintiff moved to extend the discovery completion date by six months. Doc. No. 20. Two days later, *i.e.,* on the date discovery was to have been completed, plaintiff filed notice of service of his combined first set of interrogatories, requests for admission and request for production of documents. Doc. No. 21.

On December 12, 2007, this Court denied plaintiff's requested extension of the discovery completion date, reasoning that plaintiff had failed to establish good cause therefor. *Opinion and Order,* at p.2, Doc.

No. 27.  On January 17, 2008, plaintiff filed a motion for leave to file a second amended complaint and to reconsider the denial of his request to extend the discovery completion date.  *Plaintiff's Motion,* Doc. No. 33.  Alternatively, plaintiff asks that the action be dismissed without prejudice to re-filing within one (1) year.  *Id.*

**A.**

Defendant's motion for leave to file a surreply, Doc. No. 37, is **GRANTED**.  The Clerk shall file the surreply attached to this motion, Doc. No. 37.  The Court notes that plaintiff's substantive response to the surreply is contained in Doc. No. 38.

**B.**

*Plaintiff's Motion* seeks leave to assert an additional claim, based on defendant's opposition to plaintiff's wage loss claim, of retaliation for having filed a Workers' Compensation claim and this action.  Plaintiff also seeks to withdraw the common law wrongful discharge claim in light of *Bickers v. Western & Southern Life Ins. Co.,* 116 Ohio St.3d 351 (2007)(O.R.C. §4123.90 provides the exclusive remedy for employees claiming termination in violation of rights conferred by the Workers' Compensation Act).  Plaintiff also argues that both proposed changes will require additional discovery; plaintiff therefore asks the Court to reconsider its earlier denial of the request to extend the discovery completion date by six months.  *Id.*  Finally, "and only as a last resort," *Plaintiff's Motion*, at p.4., plaintiff asks that the Court, if it denies the other requested relief, grant leave to voluntarily dismiss the action without prejudice to re-filing within one year.[1]

In response, *Defendants' Memorandum in Opposition*, Doc. No.

---

[1] *Plaintiff's Motion* also asked for a stay of the action in order to exhaust administrative remedies, should the Court conclude that exhaustion is required. Because the Court's resolution of *Plaintiff's Motion* does not require further exhaustion, the Court need not consider this request.

35, defendant contends that, as it relates to the proposed additional retaliation claim, the request for leave to amend is both untimely and futile. As it relates to the proposed withdrawal of the common law public policy claim, the request does not justify an extension of the discovery period. Finally, defendant opposes plaintiff's request to dismiss the action without prejudice; alternatively, defendant asks that any such dismissal be qualified to require that, upon refiling, the case be restored to its current posture, *i.e.,* discovery is closed and dispositive motions are due.

1. **Request to Amend**

Requests for leave to amend a pleading are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2) (2007). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co v. Sergeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In plaintiff's proposed *Second Amended Complaint*, attached to *Plaintiff's Motion*, plaintiff alleges that, on August 17, 2007, *i.e.,* during the pendency of this civil action, he filed a claim for wage loss with defendant, a self-insured employer. Defendant's denial of that claim, plaintiff alleges, constitutes "a further act of retaliation for

3

his filing both a Workers' Compensation claim and for his filing the instant civil action and for the wrongful purpose of damaging plaintiff's financial ability to prosecute this law suit." *Second Amended Complaint,* ¶15.

Plaintiff argues that authority for such claim can be found in *Greer-Burger v. Temesi,* 116 Ohio St.3d 324 (2007). The Ohio Supreme Court held in that case that an employer's lawsuit against an employee or former employee is not retaliatory so long as the lawsuit is not "objectively baseless." *Id.,* at 325. In proving that the action is not "objectively baseless," the Ohio Supreme Court held, the employer "needs to 'show that his lawsuit raises genuine issues of material fact.'" *Id.,* at 328 (quoting *Bill Johnson's Restaurants, Inc. v. Natl. Labor Relations Bd.,* 461 U.S. 731, 746 (1983)).

*Greer-Burger* is inapposite to this case. In *Greer-Burger,* it was the former employer who initiated civil litigation against the employee who had engaged in protected activity. In this case, however, it was plaintiff, the former employee, who initiated the claim for Workers' Compensation benefits. Indeed, one of the cases cited by the Ohio Supreme Court in *Greer-Burger* made this very distinction and held that a former employer's opposition to a request for unemployment benefits is not, as a matter of law, actionable retaliatory misconduct. *Baker v. Summit Unlimited, Inc.,* 855 F.Supp. 375 (N.D. Ga. 1994).

> Such opposition was clearly the employer's right and duty and not retaliatory in nature, since Plaintiff initiated the unemployment benefits process and the employer participated as required. To defend itself in that process cannot be likened to the cases cited by Plaintiff where the defendant-employers initiated malicious and false legal proceedings against the former employee because the employee had filed an EEOC charge. ... Defendants' opposition to plaintiff's claim for unemployment benefits, therefore, is not retaliatory in nature and therefore not a basis for

4

a claim. ...

*Id.,* at 376-77.  *See also Bell v. Georgia-Pacific Corp.,* 390 F.Supp. 2d 1182, 1189 (M.D. Fla. 2005)(employer's defense of a workers' compensation claim is not an adverse employment action); *Deghand v. Wal-Mart Stores, Inc.,* 926 F.Supp. 1002, 1016 (D. Kan. 1996) (plaintiff had no basis for believing that employer violated the ADA when it exercised its statutory rights in opposing a disabled employee's application for benefits in a state workers' compensation proceeding).

This Court concludes that the proposed amendment, seeking to assert either an independent claim of retaliation based upon the defendant's opposition to his wage loss claim, or to submit additional evidentiary allegations in support of the original claim for retaliation, would be an exercise in futility and would fail to state a claim of retaliation under either federal or state law.  To that extent, then, *Plaintiff's Motion* is **DENIED.**

Plaintiff also seeks to amend the complaint to withdraw the common law claim of termination of employment in violation of public policy.  Because the Ohio Supreme Court has recently made clear that O.R.C. §4123.90 provides the exclusive remedy for discharge in retaliation for exercising rights under Ohio's Workers' Compensation laws, *Bickers,* 116 Ohio St.3d 351, plaintiff's withdrawal of his claim based on Ohio's common law is entirely appropriate.  To that extent, *Plaintiff's Motion* is **GRANTED.**

2. Request to Reopen Discovery

Plaintiff asks that he be permitted to engage in an additional six (6) months of discovery to pursue the additional claim of retaliation and to fully explore the ramifications of *Bickers*.  Because this Court

has denied leave to amend to assert an additional claim of retaliation, additional discovery in that regard is unwarranted. Moreover, it is not apparent to the Court that the withdrawal of the common law claim of termination of employment in violation of Ohio's public policy requires any additional discovery; indeed, plaintiff makes no articulation of the discovery needed in this regard.

Under these circumstances, plaintiff's motion to reconsider the prior order denying the requested extension of the discovery completion date is likewise **DENIED.**

### 3. Request to Voluntarily Dismiss

Plaintiff asks that, should the Court deny the relief otherwise sought by *Plaintiff's Motion,* the Court "dismiss this entire case without prejudice and with the express right to reopen the case and re-file an updated [complaint] within one year." *Plaintiff's Motion,* at p.5. Once an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action only upon stipulation or "by court order, on terms that the court considers proper." F.R. Civ. P. 41(a)(2) (2007). A court is vested with broad discretion in considering a motion to voluntarily dismiss and may fashion a remedy so as to avoid prejudice to other parties. *Grover by Grover v. Eli Lilley & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The primary purpose of the required prior court approval is to protect a party from unfair treatment. *Summerville v. Ross/Abbott Laboratories,* 187 F.3d 638 (table), 1999 WL 623786, at *17 (6th Cir. 1999). The decision to permit a voluntary dismissal is improper only where a defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover,* at 718. However, such prejudice does not result from the mere prospect of a second lawsuit.

*Id.* In *Grover,* the United States Court of Appeals for the Sixth Circuit identified four factors to determine whether plain legal prejudice will result from the voluntary dismissal: (1) the amount of time, effort and expense the defendant has incurred in trial preparation; (2) any excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id.*

The defendant has incurred substantial time, effort and expense in connection with this litigation: at the time *Plaintiff's Motion* was filed, discovery had closed and the date for filing dispositive motions was imminent. Indeed, defendant represents that its motion for summary judgment is ready to be filed. *Defendant's Memorandum in Opposition*, at 6. Moreover, plaintiff does not expressly articulate his reason for seeking to voluntarily dismiss the action. Because the authorized amendment to the complaint does not require additional discovery, and in light of plaintiff's earlier, unsuccessful request to extend the discovery completion date, the suspicion arises that plaintiff's request to voluntarily dismiss is simply intended to effectively obtain the additional opportunity for discovery previously denied to him.

Defendant asks that, should the request to voluntarily dismiss the action be granted, the dismissal be conditioned to require that "when the case is re-filed, it be placed in the same procedural posture as it is now; *i.e.,* discovery closed and dispositive motions due within thirty (30) days of filing." *Id.,* at p.6 n.4.

This Court concludes that the factors present in this case warrant some condition on plaintiff's request to voluntarily dismiss the

7

action.  However, the Court rejects defendant's suggested conditions as both unenforceable and unwarranted.  Instead, the Court concludes that, if plaintiff determines to proceed with a voluntary dismissal under Rule 41(a)(2) and then re-files the action, defendant will be entitled to its expenses, including attorney's fees, incurred in connection with plaintiff's unsuccessful motion to extend discovery.[2]  Because plaintiff has not had the opportunity to consider this condition, the Court will not dismiss the action at this juncture.  Should plaintiff renew his motion to voluntarily dismiss, the Court will grant that motion on these terms.

**WHEREUPON** plaintiff's motion to amend is **GRANTED in part** and **DENIED in part** in conformity with this order.

This *Order* resolves Doc. Nos. 33 and 37.  The Clerk shall remove these motions from the Court's pending motions list.  The Clerk is **DIRECTED** to file defendant's surreply, attached to Doc. No. 37.

July 21, 2008                                    *s/Norah McCann King*
                                            Norah M$^c$Cann King
                                         United States Magistrate Judge

---

[2] The fact that plaintiff may seek additional discovery in subsequent litigation would not work to defendant's plain legal prejudice.  Had plaintiff pursued such discovery in this action in a timely fashion, defendant would, presumably, have been required to respond.